IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY J. WONCH,<br><br>        Plaintiff,<br><br>  vs.<br><br>DEREK K. MEYER, Individually; and NAVAJO EXPRESS, INC., a Colorado Corporation;<br><br>        Defendants. | 8:14CV166<br><br>MEMORANDUM AND ORDER |

    The plaintiff's complaint alleges he sustained injuries in a motor vehicle accident caused by the defendant's negligent, reckless, or willful conduct. (Filing No. 1). The plaintiff requests damages to compensate him "for bodily injury and resulting pain and suffering, disability, mental anguish, and/or loss of consortium. . . ." (Filing No. 1, at CM/ECF p. 6). The defendant alleges the plaintiff's injuries pre-existed the accident. (Filing No. 14, at CM/ECF p. 2).

    The defendant served a notice of its intent to serve a subpoena requiring Sidney Regional Medical Center and Banner Health to produce:

> All records of any nature whatsoever from any period of time whether before or after the accident involved in this lawsuit, including all correspondence, medical records, typed and handwritten notes and reports, bills for services rendered, all items whatsoever, whether obtained by your office or another, in the medical file of Jeremy J. Wonch . . .

(Filing No. 25). The plaintiff is 37 years old.

    The plaintiff objects to the subpoena as overbroad and duplicative of the records the plaintiff has offered to produce. (Filing No. 27). The defendant moves to overrule that objection, stating the medical records are relevant to determining the nature and extent of the plaintiff's injuries arising from this accident, and that it is entitled to serve a

subpoena and collect the records itself rather than relying on the plaintiff's production. (Filing No. 28).  The plaintiff argues the extent of records requested is harassing and invades the plaintiff's confidentiality by requiring disclosure of records for injuries and illnesses that are not at issue in this case. (Filing No. 29).

Federal Rules of Civil Procedure 26 allows parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1).  But upon review of the record, the court finds nothing to indicate what type of injury is at issue (e.g., head, back, neck, limb, etc), and the type of injury can impact how many years of medical records, the source of records, and the type of records which may be relevant.[1]  In addition, a claim of emotional distress does not necessarily waive the physician- or psychologist-patient privilege as to all the plaintiff' records.  See, e.g., Heilman v. Waldron, 287 F.R.D. 467, 473 (D.Minn. 2012); Doe v. Presiding Bishop of Church of Jesus Christ of Latter-Day Saints, 837 F.Supp.2d 1145 (D. Idaho 2011); St. John v. Napolitano, 274 F.R.D. 12 (D.D.C. 2011).  Finally, there is no showing that by alleging physical and emotional distress injuries in the motor vehicle accident at issue the plaintiff waived his privilege as to all medical records generated over the 37 years of his life.

The plaintiff has agreed to provide the medical records for the past five years and will be ordered to do so.  While the defendant is not required to rely solely on the plaintiff's production, on the record currently before me I cannot ascertain whether and to what degree additional time frames may be relevant to the claims or defenses alleged.  In the absence of that information, I cannot craft an appropriate limitations on the scope of the defendant's proposed subpoena.

---

[1] Compare, e.g., records relevant to a claim that an arm was broken to those claiming a blow to the head has impacted the plaintiff's vision.

Accordingly,

IT IS ORDERED:

1) The plaintiff's objection, (Filing No. 27), is sustained and the defendant's motion, (Filing No. 28), is denied.

2) On or before December 5, 2014, the plaintiff shall produce his medical records from Sidney Regional Medical Center and Banner Health for the last five years.

November 17, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.