IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEREMY J. WONCH,

                Plaintiff,

      vs.

DEREK K. MEYER, Individually; and
NAVAJO EXPRESS, INC., a Colorado
Corporation;

                Defendants.

**8:14CV166**


**ORDER**


Plaintiff Wonch has moved to compel responses to written discovery served on the defendants. (Filing No. 39). For the reasons discussed below, the motion will be denied.


BACKGROUND


Plaintiff's complaint alleges that on April 24, 2012, a semi-truck driven by Defendant Meyer rear-ended Plaintiff's vehicle. The accident occurred as Meyer was driving westbound on Interstate 80 in Keith County, Nebraska. Meyer was allegedly driving the truck in the course and scope of his employment for Defendant Navajo Express, Inc. (Filing No. 1).


The plaintiff served written discovery on Defendant Meyer in November of 2014. The discovery requests and objections at issue on this motion to compel are:

INTERROGATORY NO. 4: Please describe in detail each motor vehicle accident you have been involved in as a driver during your driving life time.

ANSWER: Objection. Overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none as a professional driver predating April 24, 2012.

INTERROGATORY NO. 13: Identify the user name and e-mail address for any Facebook, MySpace, Twitter, LinkedIn, Instagram, or other social media service maintained by you from January 1, 2012 through the present.

ANSWER: Objected to as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 14: Identify the name and service provider for any mobile communication device in your vehicle at the time of the accident – for which you would and/or could have also received a detailed billing statement for the month of accident herein question, including the date and time in question -- and annex a true copy of said complete billing statement.

ANSWER: Objected to as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 4: Please produce any and all documents that you and/or the Interrogatories referred to and/or identify in your Answer to Interrogatories.

RESPONSE: None.

(Filing No. 39, at CM/ECF p. 2). [1]

ANALYSIS

Relevance for discovery purposes is a broader concept than relevance for admissibility at trial.  But even in the context of discovery, the requesting party must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in this case." Farmers Co-op Co. v. Barlett Grain Co. L.P., 2011 WL 612060, *7 (2011) (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

Wonch requests a detailed description of every motor vehicle accident Meyer has been involved in as a driver—both before and after April 24, 2012—along with copies of the accident reports.  Wonch believes this information, reviewed in conjunction with Meyer's mobile device billing statements, may reveal whether Meyer has been in other accidents while using a mobile device.  Wonch further claims Meyer's billing statements will reveal

---

[1] Plaintiff also moved for an order requiring Meyer to sign his Interrogatory answers under oath.  That dispute has since been resolved.  Meyer's notarized verification of his Interrogatory Answers was delivered to Plaintiff's counsel by e-mail on April 27, 2015.  (Filing No. 43-1, ¶6).

whether Meyer was using a mobile communication device when the accident at issue occurred.  The discussion in Plaintiff's motion does not explain why he needs the identity and access information for Meyer's social media services.[2]

As explained in his motion, the plaintiff wants to explore whether Meyer "was engaged in some sort of social communications either by phone, texting, and/or email at the time of the accident" which would "bear directly on the Defendant Meyer's ability to have his vehicle under reasonable control and/or to keep a proper lookout – among other things" (Filing No. 39, at CM/ECF p. 3).  Based on the evidence of record, at the time and location of the accident, westbound interstate traffic had been re-routed to an eastbound lane, and a "wind/dust storm had limited visibility to almost none at all."  (Filing No. 43-3, at CM/ECF pp.1-2).  The plaintiff's vehicle came to a complete stop in the traffic lane, and Meyer's truck rear-ended Wonch's vehicle.  (Filing No. 43-3, at CM/ECF p. 3).  There is nothing of record indicating the Plaintiff's accident may have occurred because Meyer was distracted—due to using a mobile communications device or for any other reason.  And even if there was, the scope of plaintiff's discovery far exceeds revealing whether Meyer was using a device when the accident occurred.  Rather than requesting discovery targeted to the date and time of the accident, Wonch's motion[3] demands three years of billing statements to discover "Defendant Meyer's driving habits at the time of the accident . . . and/or generally speaking."  Wonch claims "the amount of cell time usage by Defendant Meyer in any given month – would also be an indication of his phoning/texting/driving habits."  (Filing No. 39, at CM/ECF p. 4).

At most, the question presented is whether Meyer was on the phone, texting, or emailing when the accident occurred.  To that end, Meyer has offered to produce his mobile phone billing statement (if able) for the date and time of the accident.  (Filing No. 42, at

---

[2] The plaintiff has not explained why he needs Meyer's social media information from three months prior to the accident until now, and the purpose is not readily apparent to the court.  Issues listed in a motion but not briefed or otherwise explained by the moving party are deemed abandoned.  NECivR 7.1(a)(1)(A).

[3] As the defendant points out, Interrogatory 14 does not limit the time span of records requested:  It does not request billing records for three years.

CM/ECF p. 5).  If that statement shows Meyer was not on the phone when the accident occurred, any alleged habitual use of a mobile device while driving is irrelevant.

The court is not convinced that a collection of billing statements reflecting Meyer's cell phone habits is within the scope of relevant discovery.  For similar reasons, the plaintiff has failed to make a threshold showing that Meyer's lifetime motor vehicle accident history, both before and after the accident at issue, has any bearing on why his truck rear-ended Wonch's vehicle on April 24, 2012.  Other accidents could be relevant to any issue of notice only if they occurred prior to the Plaintiff's accident, and only if they arose from or involve similar circumstances.  Meyer was not involved in any accidents as a professional driver prior to April 24, 2012. (Filing No. 43-2, at CM/ECF p. 2, Interrogatory 4).

The court finds Plaintiff's discovery requests at issue are both irrelevant and overbroad.

Accordingly,

IT IS ORDERED that the plaintiff's motion to compel, (Filing No. 39), is denied.

May 21, 2015.                                     BY THE COURT:
                                                  s/ Cheryl R. Zwart
                                                  United States Magistrate Judge