IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY J. WONCH,<br><br>       Plaintiff,<br><br>    vs.<br><br>DEREK K. MEYER, individually, and<br>NAVAJO EXPRESS, INC., a Colorado<br>corporation,<br><br>       Defendants. | 8:14-CV-166<br><br><br>ORDER |

The plaintiff has filed what he styles as an objection to the defendants' motion for summary judgment, and in the alternative, plaintiff's motion for summary judgment (filing 67). The defendants have moved to strike both the objection and the motion for summary judgment (filing 70). The Court denies in part and grants in part the defendants' motion.

The defendants first argue that to the extent the plaintiff's filing is an objection to the defendants' motion for summary judgment, it should be stricken for noncompliance with NECivR 7.1(b). Rule 7.1(b) states that a party must not file an "objection" in opposition to a motion, but rather must file "a brief that concisely states the reasons for opposing the motion." The plaintiff's filing violates this rule. However, it is clear to the Court that the "objection" here is simply intended to oppose summary judgment. Further, the defendants have made no showing that they were prejudiced by the plaintiff's error. As such, the Court will deny the motion to strike, overrule the plaintiff's objection, and construe the plaintiff's accompanying brief (filing 68) as a properly filed response brief opposing the defendants' motion for summary judgment.

The defendants next argue that to the extent the plaintiff's filing is a motion for summary judgment, it should be stricken as untimely. The Court's final progression order provided that motions for summary judgment were to be filed on or before September 15, 2015. The plaintiff filed his motion on October 6, 2015. Courts "have broad discretion to manage their dockets and address particular circumstances . . . by setting enforceable time limits." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010). A court may refuse to accept untimely filed materials "unless the

proponent of the materials has made an affirmative showing of excusable neglect." *Id.* (quoting *African American Voting Rights Legal Def. Fund, Inc. v. Villa,* 54 F.3d 1345, 1350 (8th Cir. 1995)). Though the plaintiff filed a response to the defendants' motion to strike, he failed to offer any reason for his lateness. Filing 74. Thus, to the extent that the plaintiff's filing is intended as a motion for summary judgment, the Court strikes that motion.

IT IS ORDERED:

1.   The defendants' motion to strike (filing 70) is granted in part and denied in part.

2.   The plaintiff's objection to the defendants' motion for summary judgment (filing 67) is overruled.

3.   The plaintiff's motion for summary judgment (filing 67) is stricken.

Dated this 27th day of October, 2015.

BY THE COURT:

_____
John M. Gerrard
United States District Judge