IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEREMY J. WONCH,

    Plaintiff,

vs.

DEREK K. MEYER, AND Individually; and NAVAJO EXPRESS, INC., a Colorado Corporation;

    Defendants.

8:14CV166

**ORDER**

    Plaintiff's complaint alleges Defendant Derek K. Meyer, while operating a tractor and semi-trailer for his employer, Defendant Navajo Express, Inc., negligently rear-ended Plaintiff's vehicle, causing injuries and damages. On February 13, 2015, the court entered a progression order which set a deadline of May 15, 2015 for disclosing Plaintiff's expert reports. ([Filing No. 37](#)).

    Plaintiff timely disclosed his medical experts on May 13, 2015. ([Filing No. 44](#)). Plaintiff's expert disclosure further stated:

> Plaintiff may also designate an accident reconstructionist – depending on further discovery – primarily the deposition of Defendant Meyer. Plaintiff and Defendant have agreed to continue expert deadlines to accommodate the additional needed discovery.

([Filing No. 44](#)).

    At the parties' request, the court entered an amended progression order. As stated in the parties' motion, ([Filing No. 77](#)), extending Defendant's expert disclosure deadline and the deadline for disclosing Plaintiff's rebuttal expert (if any), was necessary "due to delay in receiving medical records from Plaintiff's medical providers." The court continued the expert disclosure deadlines as follows:

>           For the defendants:              November 30, 2015.
>           For the plaintiff's rebuttal:    December 15, 2015,

([Filing No. 82](Filing No. 82)).

Defendants timely disclosed their retained medical expert, Ian Donald Crabb, M.D. Based on his report, Dr. Crabb opines that Plaintiff's knee and back injuries arise from pre-existing degenerative disease processes. Dr. Crabb's report states, "It is not apparent that the patient suffered any material injury to his right knee at the time of the motor vehicle accident," and if the plaintiff "should go on to develop arthritic changes in the cervical spine necessitating surgical intervention, it would be far more related to the natural progression of the underlying degenerative disease than the motor vehicle accident at this point." ([Filing No. 87-1](Filing No. 87-1)). The report mentions nothing about how the accident happened.

The Plaintiff served the expert report of David Hall, a traffic consultant, on December 14, 2015. ([Filing No. 83-1](Filing No. 83-1)). Mr. Hall's report states that at the time of the accident, Defendant Meyer "should have been driving much slower than 35 mph," "Mr. Wonch was not in the middle of the travel lane when he was struck by Mr. Meyer," "it is more likely than not that [Meyer's] braking system was not correctly adjusted," Meyer was violating Nebraska state law and sections of the Nebraska Commercial Driver License Manual, and "Meyer exhibited conscious indifference and was the cause of the subject accident because he drove at 35 mph into a dust cloud with near zero visibility when he knew there were potential obstacles in front of him and he would not be able to stop before impacting an obstacle such as Mr. Wonch's pickup." ([Filing No. 83-1, at CM/ECF pp. 2-3](Filing No. 83-1, at CM/ECF pp. 2-3)).

Mr. Hall's expert opinion does not respond in any way to the opinions of Defendant's medical expert, Dr. Crabb. Plaintiff's deadline for disclosing experts,

including an accident reconstruction expert, was May 15, 2015. And based on the parties' representations to the court in their joint motion, the court continued Defendant's deadline for disclosing an expert due to the delay in receiving Plaintiff's medical records.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) defines rebuttal experts as those experts presenting "evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2) (B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).

> Rebuttal expert testimony must relate to and rebut evidence or testimony on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C). Such evidence is not tied to any particular witness; it is tied to whether the party with the affirmative burden has presented evidence and/or testimony from a duly disclosed expert on the same subject matter as that which will be rebutted by the disclosed rebuttal expert.

Bleck v. City of Alamosa, Colo. 2012 WL 695138, 4 (D.Colo. 2012); Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc., 2005 WL 1459572, at *2 (N.D. 2005) ("Plaintiffs will have an opportunity to respond to Defendants' expert reports in their rebuttal reports, including theories relied upon by Defendants experts with respect to their affirmative defenses."); see also Hans v. Tharaldson, 2011 WL 6937598, at *10 (D.N.D. Dec. 23, 2011) ("Experts are typically allowed to introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert; however, a rebuttal report should not extend beyond the scope of the other party's expert reports."); Crowley v. Chait, 322 F.Supp.2d 530, 551 (D.N.J. 2004) ("[rebuttal evidence] is not an opportunity for the correction of any oversights in the plaintiff's case in chief.").

Mr. Hall is not a rebuttal expert: He offers no opinions on Plaintiff's medical condition; no opinions which rebut or even comment on the opinions of Dr. Crabb.

Mr. Hall's opinions address the issue of liability—an element of Plaintiff's case-in-chief. Plaintiff's deadline for disclosing this type of witness was May 15, 2015. Plaintiff argues he is entitled to disclose Mr. Hall as expert "to impeach any witness, including Plaintiff's own expert witness, Patrolman Eddie Martens." ([Filing No. 89, at CM/ECF p. 3](Filing No. 89, at CM/ECF p. 3)). Apparently, Officer Marten's testimony was not as helpful as Plaintiff expected and included misstatements regarding the Nebraska law. But using a rebuttal expert to ostensibly "impeach" Plaintiff's initially disclosed expert is an attempted end run of the court's progression order; that is, Plaintiff cannot supplement or correct his initial expert disclosure under the guise of impeaching his own expert.

Finally, Plaintiff argues Mr. Hall will be a fact witness, particularly if Meyer does not testify at trial. Used in that context, Mr. Hall is not qualified or competent to testify. See [Fed. R. Evid. 701](Fed. R. Evid. 701), [602](602). He was not present when the accident occurred and can only describe the accident based on what others told him or what he read. As to the written materials, if they are admissible under any hearsay exception, the foundational witness would not be Mr. Hall—he is neither the author nor a law enforcement custodian of any accident reports for this case. See [Fed. R. Evid. 901](Fed. R. Evid. 901). As to what he has read in depositions or heard through Plaintiff or his counsel, Plaintiff must look to other evidentiary means of admitting such evidence. Absent any showing of first-hand knowledge, an expert cannot be used merely as a conduit to summarize and espouse the underlying facts of a case. Finally, Mr. Hall's recitation of Nebraska law based his reading its statutes would invade the province of the court.

Mr. Hall is not a rebuttal expert. There is no showing that he can serve as a fact witness in this case, and even had there been, he was not timely disclosed as required under Rule 26(a). Plaintiff's disclosure of Mr. Hall's report and opinions was untimely, and Plaintiff has not shown good cause for failing to comply with the court's progression deadlines. The report of Mr. Hall, and his disclosure as a witness in this case, will be

Mr. Hall's opinions address the issue of liability—an element of Plaintiff's case-in-chief. Plaintiff's deadline for disclosing this type of witness was May 15, 2015. Plaintiff argues he is entitled to disclose Mr. Hall as expert "to impeach any witness, including Plaintiff's own expert witness, Patrolman Eddie Martens." ([Filing No. 89, at CM/ECF p. 3](Filing No. 89, at CM/ECF p. 3)). Apparently, Officer Marten's testimony was not as helpful as Plaintiff expected and included misstatements regarding the Nebraska law. But using a rebuttal expert to ostensibly "impeach" Plaintiff's initially disclosed expert is an attempted end run of the court's progression order; that is, Plaintiff cannot supplement or correct his initial expert disclosure under the guise of impeaching his own expert.

Finally, Plaintiff argues Mr. Hall will be a fact witness, particularly if Meyer does not testify at trial. Used in that context, Mr. Hall is not qualified or competent to testify. See [Fed. R. Evid. 701](Fed. R. Evid. 701), [602](602). He was not present when the accident occurred and can only describe the accident based on what others told him or what he read. As to the written materials, if they are admissible under any hearsay exception, the foundational witness would not be Mr. Hall—he is neither the author nor a law enforcement custodian of any accident reports for this case. See [Fed. R. Evid. 901](Fed. R. Evid. 901). As to what he has read in depositions or heard through Plaintiff or his counsel, Plaintiff must look to other evidentiary means of admitting such evidence. Absent any showing of first-hand knowledge, an expert cannot be used merely as a conduit to summarize and espouse the underlying facts of a case. Finally, Mr. Hall's recitation of Nebraska law based his reading its statutes would invade the province of the court.

Mr. Hall is not a rebuttal expert. There is no showing that he can serve as a fact witness in this case, and even had there been, he was not timely disclosed as required under Rule 26(a). Plaintiff's disclosure of Mr. Hall's report and opinions was untimely, and Plaintiff has not shown good cause for failing to comply with the court's progression deadlines. The report of Mr. Hall, and his disclosure as a witness in this case, will be

stricken. As such, the court need not and does not address Defendants' arguments to exclude Mr. Hall's testimony under Daubert.

Accordingly,

IT IS ORDERED:

1) Defendants' motion to strike, (Filing No. 85), is granted. Plaintiff's disclosure of David Hall, as either an expert or fact witness, is stricken.

Dated this 22nd day of February, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.