IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY J. WONCH,<br><br>                   Plaintiff,<br><br>vs.<br><br>DEREK K. MEYER, AND Individually; and NAVAJO EXPRESS, INC., a Colorado Corporation;<br><br>                   Defendants. | 8:14CV166<br><br>MEMORANDUM AND ORDER |

        This matter is before the court on Defendants' Motion to Compel Plaintiff's payment of an expert deposition fee, (filing no. 94), and Motion to Strike. (Filing No. 99).

## BACKGROUND

        On December 14, 2015, counsel for Plaintiff requested a deposition of Dr. Crabb, Defendants' testifying expert. Counsel for Defendants determined and informed Plaintiff's counsel that Dr. Crabb's first availability was February 9, 2016. On December 18, 2015, Plaintiff's counsel responded tentatively scheduling the deposition for February 9th. On December 28, 2015, counsel for Defendants emailed Plaintiff's counsel advising that Dr. Crabb had not yet confirmed the February 9, 2016 deposition date. This was the last communication from Defendants' counsel regarding the deposition until February.

        On December 30, 2015, a pre-payment invoice for the deposition was sent to Plaintiff's counsel. (See Filing No. 96-2 ¶ 5 at CM/ECF p. 1). However, Plaintiff's counsel did not receive the invoice. (See Filing No. 98-2 ¶ 15 at CM/ECF p. 3). Defendants' counsel did not make further efforts to confirm the deposition with the plaintiff, nor did Plaintiff's counsel seek further confirmation.

        On February 5, 2016, counsel for Defendants emailed Plaintiff's counsel asking if Plaintiff still intended to depose Dr. Crabb on February 9th. Counsel for Plaintiff responded on

February 8th stating that he believed both attorneys "dropped the ball" and indicated the deposition would not go forward. Because the deposition was cancelled on such short notice, Dr. Crabb was unable to fill the time set aside for the deposition and he demands payment for that time. To date, neither party has claimed responsibility for the cancelled deposition and the invoice has not been paid. Defendants now move for an order compelling Plaintiff to pay the invoice.

Defendants also move to strike a portion of the affidavit of counsel filed in Plaintiff's Response in Opposition. This portion states neither Plaintiff nor Plaintiff's counsel received the December 30th invoice and states "in checking with Dr. Crabb's office [I] determined that no such letter was EVER sent to the Plaintiff or his Counsel by Dr. Crabb's office." ([Filing No. 98-2 ¶ 16 at CM/ECF p. 3](#)). Defendants argue the statement must be stricken as hearsay.

ANALYSIS

[Federal Rule of Civil Procedure 26](#) governs the payment of experts and states in relevant part "Unless manifest injustice would result, the court must require that the party seeking discovery: . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)[.]" [Fed. R. Civ. P. 26(b)(4)(E)](#).

Plaintiff was seeking to depose Dr. Crabb as an expert who may testify at trial under [Rule 26(b)(4)(A)](#). However, Plaintiff "tentatively" scheduled the deposition for February 9, 2016. All communications between counsel on the matter ended after Defendants' counsel informed Plaintiff's counsel on December 28th that the deposition was not yet confirmed. Between the attorneys, the deposition was not addressed again until three days before it was to take place.

There is a question regarding when Plaintiff's counsel <u>knew</u> the deposition was scheduled. Even if this court strikes the portion in the affidavit, the affidavit still indicates that Plaintiff's counsel never received the December 30th invoice and did not know the deposition had been confirmed (See [Filing No. 98-2 ¶ 15 at CM/ECF p. 3](#)). And the court notes, even if Plaintiff's counsel had received the invoice, an invoice receipt should not be the only

2

confirmation of a scheduled deposition: Defendants' counsel should have confirmed the deposition personally.

Both attorneys made missteps and "dropped the ball" in confirming the expert deposition and as such the court will not place the full responsibility on one party or the other. Therefore the court orders the deposition cost must be split equally between the parties.

IT IS ORDERED

1) Defendants' motion to compel, ([Filing No. 94](#)), is granted as more fully stated in the order.

2) Defendants' motion to strike, ([Filing No. 99](#)), is granted.

3) Plaintiff shall pay half of the invoice, $750.

4) Defendants shall pay half of the invoice, $750.

Dated this 26th day of April, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge