IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY J. WONCH,<br><br>              Plaintiff,<br><br>vs.<br><br>DEREK K. MEYER, AND Individually;<br>and NAVAJO EXPRESS, INC., a<br>Colorado Corporation;<br><br>              Defendants. | 8:14CV166<br><br>**ORDER** |

As more thoroughly explained on the record, (Filing No. 134),

IT IS ORDERED that the Defendant's motion to Strike or, in the Alternative, Limit the Trial Testimony of Dr. Fabian and Dr. Sisk, (Filing No. 123), is granted, in part, and denied in part as follows:

1) Plaintiff has failed to show any good cause for extending the expert disclosure deadline set in the court's scheduling order.

2) Dr. Fabian, who was identified as an expert who treated Plaintiff's neck, is not permitted to provide expert testimony as to Plaintiff's knee injuries.

3) Dr. Sisk, who was identified as an expert who treated Plaintiff's knee, is not permitted to provide expert testimony as to Plaintiff's neck injuries.

4) As to medical causation, within the confines of paragraphs 2 and 3 above, this order does not strike the opinions of Drs. Fabian and Sisk. But any causation opinions are limited to the records disclosed prior to the expert disclosure deadline, and as to those opinions, the issue of admissibility is left for Judge Gerrard to decide at trial.

5) As to future prognosis, including opinions as to future pain and suffering, future treatment needed, and any future medical expenses Plaintiff will incur for either his neck or knee injuries, such opinions are stricken for the following reasons:

    a. Such opinions are not provided for medical diagnosis and treatment, but are in the nature of opinions offered by a retained expert. Since Plaintiff did not timely disclose such opinions in accordance with Rule 26(a)(2)(B), the opinions will be stricken as untimely disclosed.

    b. To date, no opinions (timely and properly or otherwise) have been offered as to future medical expenses. Any such trial testimony is inadmissible as untimely disclosed.

    c. Based on the records before the court and dated prior to the expert disclosure deadline, Drs. Fabian and Sisk offered no opinions as to future prognosis, symptoms or treatment within a reasonable degree of medical certainty. Any attempt to offer such trial opinions at this time is inadmissible as untimely disclosed.

    d. Dr. Sisk's "Consultation Note" dated April 8, 2016 does not reflect ongoing medical treatment provided to Plaintiff, but rather a follow up evaluation of Plaintiff's current condition for the purpose of trial preparation. There is nothing of record indicating why this evaluation was not, or could not have been, performed before the expert disclosure deadline and timely provided to Defendants. The opinions expressed within that record, (Filing No. 125-1, at CM/ECF p. 19), were untimely disclosed and are inadmissible.

June 14, 2016.

                                          BY THE COURT:

                                          *s/ Cheryl R. Zwart*
                                          United States Magistrate Judge